## JOHN B. MILLER

*v.*

## THOMAS L. PRICE.

1. CONSTRUCTION *of written instruments, in the light of extraneous circumstances.* Where a second deed of trust is executed to obviate errors in a deed of the same character previously executed between the same parties, the two instruments bearing date on different days, and the *cestui que trust* executes a release purporting to operate upon the deed first executed, but misdescribes that deed by giving it the date of the second deed, the court, reading the release in the light of all the facts, will give it operation according to the intention of the parties.

2. RECORD *of deeds—when will be examined by the Supreme Court.* Where there is an alleged alteration in the record of the conveyance, in a matter material to the issue, and the parties agree that the original record may be exhibited in the Supreme Court, this court will then inquire into and decide upon the facts of the alleged alteration.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts of this case are fully stated in the opinion of the court.

Mr. GUSTAVUS VAN HOOREBEKE, for the plaintiff in error.

Mr. H. P. BUXTON, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was an action of ejectment brought in the Circuit Court of Clinton county, by Thomas L. Price against John B. Miller to recover the possession of certain lands in that county. Both parties claimed title from one Elisha Duncan. It appears that Duncan, on the 7th of July, 1859, executed a deed of trust to Nathaniel Holmes for the premises in controversy, which was duly recorded, but for some irregularities therein, he executed another deed of trust to Holmes of the same lands, bearing date on the 11th of July, 1859, which was duly recorded, and thereupon Holmes executed to Duncan a deed of release, dated July 14, 1859, of the deed of trust, dated, as plaintiff contended, on the 7th of July, but which appears, by the record, to bear date July 11. This deed of release recites, that " Thomas Duncan and wife, by their deed of trust, dated the 11th day of July, 1859, conveyed to Holmes the following described real estate, etc., to secure, etc., and whereas, on account of some supposed defect in said deed of trust in the execution thereof, another and a new deed of trust has been executed between the same parties and recorded, to secure the same debt and note above mentioned, I, the said Nathaniel Holmes, at the request of the holder of said note, as is witnessed by his signature subscribed to these presents, and in consideration of the premises and of one dollar to me paid by the said Elisha Duncan, have remised, released and quitclaimed unto the said Elisha Duncan, all the right, title and interest, which the said trustee acquired, in and by virtue of the deed of trust *first herein above mentioned*, in and to the lands described, and no other right, title or interest therein, whatever."

After the execution of this release, Duncan, by deed, dated October 24, 1859, conveyed the premises to the plaintiff in error, and this is his title.

Holmes sold the premises under the deed of trust of July 11, to one Frederick Delgado, by deed dated October 2, 1860. By conveyances from Delgado, through this sale, the defendant in error claims the title.

The only question is, on what did Holmes' deed of release, of July 14, operate? And is it clear it was drawn and executed to operate on the deed of trust dated July 7th? And is it clear that the record of that deed has been altered? None of the original deeds were produced in evidence, the records being used instead of the originals.

The defendant in error contends that his deed of release of July fourteen, on its face, referred to, and released the first deed of trust, dated July eleventh, and that alone.

By the recital in the deed of release, it was the first deed of trust Duncan had executed, on which the deed of release of July fourteen was to operate. That deed was recorded on the 8th of July, 1859. The other deed of trust dated July 11, 1859, was recorded on the last named day. Now, as a deed dated July eleven could not be recorded on the eighth of that month, it becomes evident, that "the first named" deed must have borne a date prior to, or on the day of recording it, and here comes in the testimony as to the alteration of the record of the deed recorded on the eighth. The clerk of the recorder testifies, that the word "seventh" in the deed of trust to be released, was written by him as it now stands, except, that some one had prefixed the letter " e " to the word seventh, as written by him in the record, thereby making the word read "eleventh."

The initial " e " he testifies, is made with a different shade of ink, and in a heavier hand than his. He states he did not do it, nor does he know who did; saw first that the record had been changed, when he was called to testify in a criminal case in the fall of 1860, or winter of 1861.

This book of records has been submitted to us for examination, and we are satisfied beyond doubt, that the word "seventh" in the record of "the first named" deed has been altered, by prefixing to it the letter " e, " which could be easily done, the initial " s " in the word "seventh," having much re-

semblance to the letter "l." An ingenious lengthening of the letter "s" and prefixing "e," was all that was necessary.

We are satisfied the deed of release of 14th July, 1859, was intended to operate on the deed recorded July 8, 1859, and that the word "seventh" in that deed has been altered to the word "eleventh," so that it might appear that the deed last recorded, and dated July 11th, was the one released. By force of this fraud, Duncan was enabled to sell the land to plaintiff in error, he then apparently having title.

The deed of July 11th not having been released, the title of defendant in error, so far as the parties to this record are concerned, derived through this deed, must prevail.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*